UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Nicholas Brown, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br><br>v.<br><br>Kalshi Inc.,<br><br>     *Defendant*. | No. 2:26-cv-1426<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Class Action
Complaint Case No.
2:26-cv-1426

Kothari Law LLC
555 SE Martin Luther King
Suite 3022
Portland, OR 97214
503-567-6735

**Table of Contents**

I.      Introduction. .................................................................................................................2

II.     Parties. .........................................................................................................................2

III.    Jurisdiction and Venue. ...............................................................................................3

IV.     Facts. ............................................................................................................................3

V.      Class Action Allegations.............................................................................................12

VI.     Claims..........................................................................................................................13

VII.    Jury Demand. ..............................................................................................................16

VIII.   Prayer for relief............................................................................................................16

1

Kothari Law LLC
555 SE Martin Luther King
Suite 3022
Portland, OR 97214

## I.     Introduction.

1.     Text messages are a simple, straightforward way to communicate and stay in touch with friends, family, and colleagues. Billions of such text messages are sent every day.

2.     Businesses also use text messages to advertise their sales, products, and services. Some consumers want to receive these commercial text messages about products or sales, and they give companies their consent to receive them. But other times, commercial text messages are sent to consumers who never consented to the texts, and do not want to receive them. More and more people are receiving unwanted commercial text messages about products or services that they have no interest in hearing about.

3.     To protect Washington residents from receiving unwanted text messages from businesses, the Washington legislature passed the Commercial Electronic Mail Act (CEMA). CEMA prohibits companies conducting business in the state of Washington from initiating or assisting in the sending of commercial text messages to Washington residents, unless the recipient has "clearly and affirmatively consented."[1]

4.     Defendant Kalshi Inc. ("Kalshi") does business in the State of Washington. It is a prediction market exchange that allows users to trade contracts on the outcome of real-world events, such as elections, economic indicators, and weather outcomes. Kalshi initiates and

5.     assists in the transmission of illegal, commercial text messages to Washington residents who have not given their clear and affirmative consent (or any consent at all).

## II.     Parties.

6.     Plaintiff Nicholas Brown is domiciled in Ephrata, Washington.

7.     The proposed class includes citizens of Washington.

8.     Defendant Kalshi Inc. is a Delaware corporation with its principal place of business at 594 Broadway, Suite 407, New York, NY 10012

---

[1] The prohibition is subject to some exceptions that do not apply here. *See* RCW 19.190.060, 19.190.70.

Class Action
Complaint Case No.
2:26-cv-1426

2

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

## III.    Jurisdiction and Venue.

9.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Kalshi.

10.    This Court has personal jurisdiction over Kalshi. Kalshi does business in Washington. It advertises and sells its products and services in Washington, and serves a market for its products and services in Washington. Due to Kalshi's actions, its commercial text messages have been sent, without consent, to telephone numbers assigned to Washington residents and harmed Washington residents. Plaintiff's claims arise out of Kalshi's contacts with this forum. Due to Kalshi's actions, Plaintiff received Kalshi's commercial text message in Washington, and he was harmed while in Washington.

11.    Venue is proper under 28 U.S.C. § 1391(b)(2) because Kalshi conducts significant business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper under 28 U.S.C. § 1391(d) because Kalshi would be subject to personal jurisdiction in this District if this District were a separate state. Kalshi advertises and sells its products and services to customers in this District, this District serves as a market for Kalshi's products and services, and Plaintiff's claims arise out of Kalshi's contacts in this forum.

## IV.    Facts.

### A.    Washington's Commercial Electronic Mail Act.

12.    Americans receive billions of unwanted commercial text messages from businesses each year.

13.    To stop this practice, the state of Washington passed the Commercial Electronic Mail Act (CEMA). CEMA states, in relevant part, "no person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a Washington resident" unless the recipient has "clearly and affirmatively consented in advance to receive those

Class Action
Complaint Case No.
2:26-cv-1426

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

messages." RCW §§ 19.190.060-19.190.070.[2]

14.     The statute further states that a violation of the provision is "an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act." *Id.* Thus, a violation of CEMA also violates Washington's Consumer Protection Act, which broadly prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

**B.      Kalshi's "Refer a friend" Program.**

15.     Kalshi runs a prediction market exchange that allows users to trade contracts on the outcome of real-world events, such as elections, economic indicators, and weather outcomes.

16.     It promotes its product by using a "Refer a friend" program.[3] The "Refer a friend" program pays existing users referral bonuses for referring their friends to trade on Kalshi.



**Refer a friend to trade and earn $10!**

(1)  Send your friend your referral link and have them sign up
     using it.

(2)  Get your friend to trade $10!

(3)  Both you and your friend get $10

**Copy referral link**

17.     Through its "Refer a friend" program, Kalshi asks existing users to refer friends

---

[2] The statute contains exceptions that do not apply here. *See, e.g.,* RCW §19.190.070 (exception for texts "transmitted at the direction of a person offering cellular telephone or pager service to the person's existing subscriber at no cost to the subscriber").

[3] Kalshi also sometimes refers to it as its "Refer a friend" program.

Class Action
Complaint Case No.
2:26-cv-1426

4

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

using a special link created by Kalshi. Existing users are directed to text their friends the Kalshi link and "Refer a friend" offer. If the friend uses the link to sign up for a Kalshi account and meets certain other requirements, the referrer (that is, the existing Kalshi user) receives an award that can be used for trading on Kalshi.[4]



---

[4] Kalshi Referral FAQ found at https://help.kalshi.com/account/signing-up/signing-up-as-an-individual/referral-faqs (last accessed February 18, 2026) and archived at https://archive.ph/YyDKd.

Class Action
Complaint Case No.
2:26-cv-1426

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

18. Kalshi's "Refer a friend" program can be used via its mobile app. Existing users can access the "Refer a friend" prog ram through the app:

19. To take advantage of the program, existing users click the "Get $10" button on the app. Kalshi then generates a referral link and composes a text message for sharing with contacts. And, users send the message and link to their contacts. Clicking the "Share link" button above creates a text message. An example of the text message is shown below:



20. Kalshi's "Refer a friend" program can also be accessed through the website. A screenshot of the webpage is depicted below:

Class Action
Complaint Case No.
2:26-cv-1426

6

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214



21.    After the user clicks the "Invite friends" button, Kalshi generates a referral link, and directs existing users to copy the referral link:

# Invite a friend, get $25
# You can earn up to $1,000
You need to trade $25 before claiming bonus

**Copy link**

22.    Existing users copy the referral link and send the messages and link to their friends.

**C.    Kalshi's "Refer a friend" Program violates CEMA.**

23.    Through the "Refer a friend" program, Kalshi initiates and assists in the transmission of electronic commercial text messages to Washington residents who have not clearly and affirmatively consented in advance to receive these text messages, and in fact have not consented to receive these text messages at all. Accordingly, Kalshi violates CEMA.

24.    Kalshi's "Refer a friend" text messages are commercial. They promote Kalshi's

Class Action
Complaint Case No.
2:26-cv-1426

7

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

trading platform. And, they require recipients to sign up for Kalshi accounts.

25. Kalshi initiates the transmission of the commercial "Refer a friend" text messages through its agents—i.e., its customers tasked with sending "Refer a friend" messages to their friends.

26. Kalshi users who use the "Refer a friend" process are agents of Kalshi. As described in further detail above, Kalshi grants users the right to send out referral texts on its behalf. It creates the links and tells Kalshi users to send out the referral texts. It also pays users rewards for referring friends.

27. When initiating the transmission of "Refer a friend" text messages to their contacts, Kalshi users are actual agents of Kalshi. Kalshi authorizes them to initiate the transmission of those text messages on Kalshi's behalf. Kalshi also controls the process for initiating the sending of commercial text messages to Washington residents described above. Via both its website and its app, Kalshi generates the referral links and referral web pages and directs existing customers to send the messages. And, Kalshi pays existing users incentives for referring their friends, by offering lucrative referral bonuses.

28. Kalshi users are also apparent agents of Kalshi. As described in further detail above and below, Kalshi creates the impression that Refer a friend text message recipients are actually dealing with Kalshi.

29. Kalshi also ratifies the initiation of the transmission of the commercial text messages. Kalshi knows that users use the referral link (via both its mobile app and its website) to text cell phone users in Washington because it promotes its referral program nationwide, including in Washington, and knows that consumers nationwide and in Washington are likely to text cell phone users in Washington with these texts. Kalshi also knows that the text messages are received by Washington residents, because it keeps track of the geographic location of the consumers who click the link and fill out the form, which has included Washington residents. It also knows that recipients have not consented. Indeed, Kalshi fails to check whether the consumer has consented before directing its existing users to send the "Refer a friend" messages.

30. In addition, Kalshi assists existing users in transmitting commercial text messages to

Class Action
Complaint Case No.
2:26-cv-1426

8

Washington residents who have not consented to receive the commercial text messages. As explained in further detail above, Kalshi provides substantial assistance and support that allows existing users to formulate, compose, send, and transmit the "Refer a friend" text messages. As further described above, via both its website and its app, Kalshi directs existing users to send the text messages, generates links for sending, and assists users in copying, pasting, and sending the text messages. Kalshi also offers existing users lucrative referral bonuses for sending the texts to Washington residents.

31.    The text messages Kalshi initiates through its agents, and assists in transmitting, are to Washington residents. Kalshi promotes its referral program nationwide, including to users in Washington, who are likely to send the text messages to other Washington residents. In addition, users nationwide are likely to send text messages to Washington residents, such as their friends and family who live in Washington.

32.    But for Kalshi initiating and assisting in transmitting the "Refer a friend" text messages, Washington residents would not receive them.

33.    The Washington residents to whom the text messages are transmitted have not clearly and affirmatively consented in advance to receive these text messages.

34.    Kalshi does not obtain clear and affirmative consent prior to the sending of these text messages. In fact, Kalshi does not communicate with the recipients prior to the texts being sent, much less obtain clear and affirmative consent.

35.    In addition, Kalshi does not check whether the proposed recipient has in fact consented to commercial text messages from Kalshi, even though it could. Kalshi maintains records that show which cell phone numbers have consented to commercial text messages from Kalshi. Thus, Kalshi could check whether a particular Washington cell phone number has—or has not—consented to commercial text messages from Kalshi. But Kalshi does not check whether a recipient has consent before sending the messages. Kalshi could, but does not, block the text messages from being sent to Washington state residents that have not given clear and affirmative consent.

36.    Kalshi also fails to require existing users to obtain consent prior to sending the text

Class Action
Complaint Case No.
2:26-cv-1426

9

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

messages on Kalshi's behalf. It does not ask its users who use its "Refer a friend" program to prove that they have obtained consent, or even to affirm that they have obtained consent, prior to sending the text messages.

37.     Neither the web version nor the app version of Kalshi's "Refer a friend" program mention consent at all.

38.     Kalshi knows, or consciously avoids knowing, that its commercial "Refer a friend" text messages are being transmitted to Washington residents that have not clearly and affirmatively consented in advance to receive its referral text messages. As discussed in greater detail above, Kalshi promotes its "Refer a friend" program nationally, including to existing users in Washington. Kalshi knows that existing users have contacts in Washington, and that they text referral links to Washington consumers. Kalshi also knows that the text messages are received by Washington residents, because it keeps track of which consumers click the referral link and fill out the form. Kalshi also knows that recipients who receive the text messages have not clearly and affirmatively consented.

39.     In addition, for the reasons described above, Kalshi knows or consciously avoids knowing that its existing users do not obtain clear and affirmative advance consent prior to texting their contacts. As described above, Kalshi knows that existing users do not obtain consent because the users are unaware that they are supposed to obtain consent prior to sending the messages (much less clear and affirmative consent to receive commercial text messages). But instead of requiring proof of consent, or prohibiting users from texting referrals without consent, Kalshi directs its customers to send texts to Washington residents, and offers lucrative referral fees for doing so. Kalshi benefits from the sending of illegal text messages to Washington residents, because it can advertise its products, target new customers, and make money from new users in Washington.

**40.     Plaintiff received illegal referral text messages from Kalshi, and was harmed by Kalshi's referral text messaging practices.**

41.     On Friday, February 6, 2026, Plaintiff received an unsolicited text message inviting him to sign up for a Kalshi account, while a resident of Ephrata, Washington.

Class Action
Complaint Case No.
2:26-cv-1426

10

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

42.    A screenshot of the text message is shown below:

43.    This message could not have been sent in its specific format (including the generated image and link) without Kalshi's software and assistance.

44.    Plaintiff did not provide clear and affirmative consent to receive the promotional or marketing material from Kalshi via text message.

45.    The text message contained text that was composed by Kalshi. In addition, the link is from Kalshi and directs the recipient to a page at Kalshi.com. It contains an image generated by Kalshi depicting the money that the recipient could receive from Kalshi by signing up. In short, based on all information available to him , Plaintiff reasonably believed, as do other reasonable consumers, that he was dealing with Kalshi and Kalshi's promotion, and that his contact was sending him a Kalshi promotion via text on Kalshi's behalf.

46.    But for Kalshi's initiating and assisting in transmitting the text message, Plaintiff would not have received it.

47. Plaintiff had no means of opting out of receiving the unsolicited commercial text message, and still has no means of opting out of future referral messages. So, Plaintiff faces an imminent threat of future harm. But without an injunction, Plaintiff has no realistic way to stop the transmission of future Kalshi referral messages to his personal phone number.

## V.    Class Action Allegations.

48. Plaintiff brings the asserted claims for the following Class: all persons who, within the applicable statute of limitations period and without having given advance clear and affirmative consent, received a Kalshi "Refer a friend" text message to their cellular telephone number while residing in Washington.

49. The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Kalshi, Kalshi's subsidiaries, parents, successors, predecessors, and any entity in which the Kalshi or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Kalshi's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

50. The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are tens of thousands or more class members.

51. Class members can be identified through Kalshi's records and public notice.

### Predominance of Common Questions

52. There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation: (1) whether Kalshi's "Refer a friend" text messages are commercial text messages; (2) whether Kalshi violated CEMA and the Washington Consumer Protection Act, and (3) class-wide injunctive relief necessary to prevent harm to Plaintiff and the class.

Class Action
Complaint Case No.
2:26-cv-1426

12

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

**Typicality & Adequacy**

53.     Plaintiff's claims are typical of the proposed class. Like the proposed class, Plaintiff received an unwanted commercial text message sent to his telephone number on behalf of Kalshi. There are no conflicts of interest between Plaintiff and the class.

**Superiority**

54.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

**Count I: Violation of the Washington Commercial Electronic Mail Act: RCW §19.190 et seq.**

55.     Plaintiff incorporates each and every factual allegation set forth above.

56.     Plaintiff brings this cause of action on behalf of himself and members of the Class.

57.     CEMA states, in relevant part, "no person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a Washington resident" unless the recipient has "clearly and affirmatively consented in advance to receive these text messages." RCW §§ 19.190.060-19.190.070.

58.     Kalshi is a "person," as the term is defined by RCW § 19.190.010(11). Kalshi is a corporation, and the statute's definition of "person" includes a "corporation."

59.     Kalshi is a person "conducting business in the state" of Washington, as used in RCW §19.190.060. Kalshi conducts business transactions within this state. Kalshi advertises and sells its products and services to customers in this state, and serves a market for its products and services in this state.

60.     As alleged in detail above, Kalshi's referral text messages are a "commercial text message" under CEMA. They promote and advertise Kalshi's prediction market trading platform.

61.     As alleged in further detail above, Kalshi also violates CEMA by initiating and assisting in the transmission of commercial text messages to Washington residents who did not

Class Action
Complaint Case No.
2:26-cv-1426

13

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

clearly and affirmatively consent in advance to receive the text messages. As described in further detail above, users who sent the text messages to their contacts (pursuant to the "Refer a friend" program) were actual and/or apparent agents of Kalshi. Kalshi ratified the actions of its users (i.e. the sending of the text messages as described above).

62. As alleged in further detail above, Kalshi violates CEMA by initiating and assisting in the transmission of commercial electronic text messages to Washington residents who did not clearly and affirmatively consent in advance to receive the text messages. As described in further detail above, through its "Refer a friend" feature on its app and website, Kalshi composes text messages and referral links for its users to share via text messaging with others, including Washington residents who have not consented to receive them.

63. Kalshi knew, or should have known, that the text messages were transmitted to Washington residents who have not "clearly and affirmatively consented in advance to receive these text messages." RCW § 19.190.070(1)(b). As described in further detail above, Kalshi does not require the existing users to obtain the necessary clear and affirmative prior consent before sending the referral texts. And, the existing users do not obtain the consent. Kalshi itself does not obtain the required consent prior to initiating and assisting in the transmission. In addition, as described in further detail above, Kalshi markets its "Refer a friend" promotion nationwide, including to residents in Washington. Kalshi further knows which Washington cell phone numbers have consented to receive commercial text messages from it. Despite this, Kalshi does not check to see whether a Washington consumer has consented to receive the messages, prior to initiating and assisting in sending the Refer a friend messages.

64. As described in further detail above, Kalshi knew, or should have known, that these text messages were sent to telephone numbers assigned to Washington residents for cellular telephone service equipped with short message service.

65. As described in further detail above, Kalshi initiated and assisted in the transmission of unsolicited text messages to Plaintiff and other members of the class. Plaintiff and class members received the text messages.

Class Action
Complaint Case No.
2:26-cv-1426

14

66.    Kalshi's referral text messaging practices were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

67.    Plaintiff and the Washington class were injured as a direct and proximate result of Kalshi's conduct because (a) they have received an unsolicited commercial electronic text message that Kalshi initiated and assisted in transmitting to their assigned telephone number; and (b) they never provided clear and affirmative consent in advance to receive the commercial electronic text messages.

68.    Plaintiff seeks actual or statutory damages of $500 per class member, whichever is greater, reasonable attorneys' fees, treble damages, and all other available relief.

**Count II: Violation of the Washington Consumer Protection Act: RCW § 19.86**

69.    Plaintiff incorporates each and every factual allegation set forth above.

70.    Plaintiff brings this cause of action on behalf of himself and members of the Class.

71.    Kalshi has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

72.    Section 19.86.020 of the CPA states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

73.    Under the CPA, a private right of action "may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 19.86.090.

74.    As alleged in further detail above, Kalshi violates CEMA by initiating and assisting in the transmission of commercial electronic text messages to Washington residents who did not clearly and affirmatively consent in advance to receive the text messages. As described in further detail above, Kalshi violates CEMA through its "Refer a friend" program on its app and website.

75.    As described in further detail above, Kalshi initiated and assisted in the transmission

Class Action
Complaint Case No.
2:26-cv-1426

15

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

of unsolicited text messages to Plaintiff and other members of the class. Plaintiff and class members received the text messages.

76. Kalshi's referral text messaging practices were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

77. Plaintiff and the Washington class were injured as a direct and proximate result of Kalshi's conduct because (a) they have received an unsolicited commercial electronic text message that Kalshi initiated and assisted in transmitting to their assigned telephone number; and (b) they never provided clear and affirmative consent in advance to receive the commercial electronic text messages.

78. Plaintiff seeks actual or statutory damages of $500 per class member, whichever is greater, reasonable attorneys' fees, treble damages, and all other available relief.

79. Violations of the CEMA are "not reasonable in relation to the development and preservation of business" and are an "unfair or deceptive act in trade or commerce and an unfair method of competition" for the purpose of applying the CPA. RCW § 19.190.100.

80. Kalshi's acts or omissions are injurious to the public interest because these practices were committed in the course of Kalshi's business and were committed repeatedly before and after Plaintiff received a commercial electronic text message that was transmitted through assistance from Kalshi. These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

## VII. Jury Demand.

81. Plaintiff demands the right to a jury trial on all claims so triable.

## VIII. Prayer for relief.

82. Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class;

- Damages, including statutory damages, treble damages, and punitive damages where applicable;

Class Action
Complaint Case No.
2:26-cv-1426

16

Kothari Law LLC
555 SE Martin Luther King Blvd
Suite 3022
Portland, OR 97214

- Restitution;

- Rescission;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

- An injunction prohibiting Kalshi's deceptive conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.


Dated: April 24, 2026                    Respectfully submitted,

                                         By: /s/ Natalya P. Maze
                                         npm@mazelawgroup.com
                                         MAZE LAW GROUP PLLC
                                         1600B SW Dash Point Rd. #127
                                         Federal Way, WA 98023
                                         Telephone: 206-355-6314

                                         Vivek Kothari (*pro hac vice* application forthcoming)
                                         vivek@kothari.law
                                         KOTHARI LAW
                                         555 SE Martin Luther King Blvd.
                                         Portland, OR 97214
                                         Telephone: 503-567-6735

                                         Jonathan D. Grunberg
                                         jgrunberg@wgwlawfirm.com
                                         WADE, GRUNBERG & WILSON, LLC
                                         3100 Cumberland Blvd SE,
                                         STE. 1130
                                         Atlanta, GA 30339
                                         Telephone: 404-600-1153

                                         *Attorneys for Plaintiff*

Class Action                        17                    Kothari Law LLC
Complaint Case No.                                        555 SE Martin Luther King Blvd
2:26-cv-1426                                              Suite 3022
                                                         Portland, OR 97214