**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| NICHOLAS BROWN, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>    v.<br><br>KALSHI INC.,<br><br>    *Defendant.* | Case No. 2:26-cv-1426-LK<br><br>**DEFENDANT KALSHI INC.'S REQUEST TO CONSIDER DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT & FOR JUDICIAL NOTICE**<br><br>Hon. Lauren King<br><br>NOTE ON MOTION CALENDAR:<br>October 16, 2026 |

DEFENDANT'S REQ. FOR INCORPORATION BY
REFERENCE & JUDICIAL NOTICE
CASE NO. 2:26-CV-1426

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

**INTRODUCTION**

In connection with its concurrently filed Motion to Dismiss the Complaint and, in the Alternative, to Strike Class Allegations (the "Motion to Dismiss"), defendant Kalshi Inc. ("Kalshi") respectfully requests that the Court consider Exhibits #1-6 to the Declaration of Brian Ta in Support of the Motion to Dismiss (the "Ta Declaration") as incorporated into the Complaint by reference and that the Court take judicial notice of Exhibits #1-6 to the Declaration of Nicolas G. Keller in Support of the Motion to Dismiss (the "Keller Declaration").

**BACKGROUND**

**A.      The *Complete* Referral Process Is Central To The Complaint**

Plaintiff's claims in this action arise exclusively from the alleged operation of Kalshi's "refer a friend" ("RAF") program, whereby Kalshi allegedly "provides substantial assistance and support" to the transmission of purportedly unwanted commercial electronic text messages. *See* Compl. ¶ 30; *see id.* ¶¶ 23-39. Indeed, plaintiff's claims depend entirely on a single referral message he allegedly received on February 6, 2026, from one of his contacts (not Kalshi), *id.* ¶¶ 41-42, which he asserts "contained text that was composed by Kalshi" and "an image generated by Kalshi," and which "could not have been sent in its specific format . . . without Kalshi's software and assistance," *id.* ¶¶ 43, 45. The precise, step-by-step mechanics of the RAF program referral flow—which button is pressed, by whom, and what outcome results—are therefore at the very heart of the Complaint.

Tellingly, however, the Complaint is often conspicuously silent or vague as to these critical contextual details. The few times the Complaint reproduces purported screenshots from the referral flow, it does so only for isolated frames and, if it describes the surrounding or intermediate steps at all, it does so only in conclusory terms. *See, e.g.*, *id.* ¶¶ 15-22. Plaintiff thereby omits or handwaves steps that, when viewed in their full context, are material to his own theory. For instance, the Complaint alleges that clicking the "Share link" button on Kalshi's mobile application "creates a text message," *id.* ¶ 19, but it neither depicts nor describes the immediate step that the "Share link" button actually triggers, which is the mobile device's own native "share"

DEFENDANT'S REQ. FOR INCORPORATION BY
REFERENCE & JUDICIAL NOTICE
CASE NO. 2:26-CV-1426

1

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

interface—a process generated and controlled by the device's operating system, not by Kalshi. *See* Ta Decl., Exs. 2-3.

As another example, the Complaint sidesteps whether Kalshi's desktop website provides a referral link and message, or just a link.  At some points, the Complaint equates the referral flow on the website with that on the mobile app: "via both its *website* and its app, Kalshi directs existing users to *send the text messages*, generates links for sending, and assists users in copying, pasting, and sending the text messages,"[1] and "through its 'Refer a friend' feature on its app and *website*, *Kalshi composes text messages*."  Compl. ¶¶ 30 & 62.  Yet, when describing the website referral flow specifically, plaintiff alleges only that, "After the user clicks the 'Invite friends' button, Kalshi generates a *referral link*, and directs existing users to copy the *referral link*," *id.* ¶ 21—without any depiction or description of any text message "composition" by Kalshi.  Perhaps not wanting to concede the point, however, plaintiff then ambiguously alleges in conclusory fashion that, "Existing users copy the *referral link* and *send the messages and link* to their friends."  *Id.* ¶ 22.  Plaintiff's use of the imprecise term—send *"the"* messages—invites the reader to infer that Kalshi's website involves text message composition or initiation in some way without ever outright saying so, much less showing it.  Plaintiff's own pleading therefore leaves only one way to decipher the meaning of his allegations:  to review the mobile and website RAF program referral flows unbroken and in their entireties.

Those complete, step-by-step mobile and website referral flows on which the Complaint's claims wholly depend are reflected in Exhibits #1-6 to the Ta Declaration:

- **Ta Decl., Ex. 1** is a true and correct copy, based on Kalshi internal records, of the complete sequence of screens a Kalshi user would have seen within the Kalshi mobile app when accessing the "refer a friend" feature on the Kalshi mobile app on or about February 6, 2026.

---

[1]  All emphases herein are added unless otherwise noted.

- **Ta Decl., Ex. 2** is a true and correct copy, based on Kalshi internal records, of a demonstrative sequence of screens a Kalshi user would have seen outside of the Kalshi mobile app when sending a referral link to a contact on or about February 6, 2026, using an Apple mobile device.

- **Ta Decl., Ex. 3** is a true and correct copy, based on Kalshi internal records, of a demonstrative sequence of screens a Kalshi user would have seen outside of the Kalshi mobile app when sending a referral link to a contact on or about February 6, 2026, using an Android mobile device (specifically, a Pixel 10 Pro XL on Android 17).

- **Ta Decl., Ex. 4** is a true and correct copy, based on Kalshi internal records, of the complete sequence of screens a Kalshi user would have seen within the Kalshi desktop website when accessing the "refer a friend" feature on the Kalshi desktop webpage on or about February 6, 2026.

- **Ta Decl., Ex. 5** is a true and correct copy, based on Kalshi internal records, of a demonstrative sequence of screens a Kalshi user would have seen outside of the Kalshi desktop website when sending a referral link to a contact on or about February 6, 2026, using a desktop computer or laptop.

- **Ta Decl., Ex. 6** is a true and correct copy of the webpage available at the link depicted in the screenshot at paragraph 42 of the Complaint, which is https://kalshi.com/sign-up/?referral=8a51acdf-5d25-4f9d-aa2c-ec41d34dfa45&m=true.

**B.    The Public Records And Materials Subject To Judicial Notice**

The Keller Declaration attaches true and correct copies of the following pleadings filed on the public dockets of this District and the following publicly available materials that are cited in the Motion to Dismiss:

- **Keller Decl., Ex. 1** is a true and correct copy of the Second Amended Complaint (ECF No. 62) filed in *Wright v. Lyft, Inc.*, No. 2:14-cv-00421-BJR (W.D. Wash. Apr. 4, 2016).

- **Keller Decl., Ex. 2** is a true and correct copy of the First Amended Complaint (ECF No. 54) filed in *Moore v. Robinhood Fin. LLC*, No. 2:21-cv-01571-BJR (W.D. Wash. Feb. 9, 2022).

- **Keller Decl., Ex. 3** is a true and correct copy of the Class Action Complaint (ECF No. 1-2) filed in *Bottoms v. Block, Inc.*, No. 2:23-cv-01969-MJP (W.D. Wash. Dec. 21, 2023).

- **Keller Decl., Ex. 4** is a true and correct copy of the Consolidated Class Action Complaint (ECF No. 18) filed in *Charles v. Chime Fin., Inc.*, No. 2:25-cv-01361-KKE (W.D. Wash. Sept. 5, 2025).

- **Keller Decl., Ex. 5** is a true and correct copy of a webpage published by Apple Inc., titled *Customize Sharing Options in an iPhone App*, available at https://support.apple.com/guide/iphone/customize-sharing-options-iphc572ca489/ios.

- **Keller Decl., Ex. 6** is a true and correct copy of an article by Jake Bloom, titled *Using Share Sheets on iOS and Android*, published on DEV on June 12, 2020, available at https://dev.to/jakebloom/using-share-sheets-on-ios-and-android-4obi.

## LEGAL STANDARD

On a motion to dismiss, a court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Both doctrines are applicable here.

### A.    Incorporation By Reference

Under the incorporation-by-reference doctrine, "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively

to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment."). Documents incorporated by reference in this manner are treated "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

The doctrine aims to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (cleaned up). It precludes plaintiffs from "select[ing] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Courts "decline to close [their] eyes . . . and to create a rule permitting a plaintiff to evade a properly argued motion to dismiss simply because the plaintiff has chosen not to attach the [document] to the complaint or to incorporate it by reference." *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991) (cleaned up); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) ("The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material.").

### B.    Judicial Notice

Under Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts in this Circuit routinely take judicial notice of complaints, dockets, and other filings in other court proceedings as matters of public record, as well as of publicly available materials whose accuracy is not reasonably subject to dispute. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (judicial notice of "undisputed matters of public record, including

DEFENDANT'S REQ. FOR INCORPORATION BY
REFERENCE & JUDICIAL NOTICE
CASE NO. 2:26-CV-1426

5

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

documents on file in federal or state courts" appropriate (cleaned up)); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." (citation omitted)), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## ARGUMENT

### I. THE COMPLAINT INCORPORATES THE TA DECLARATION EXHIBITS #1-6 BY REFERENCE

In evaluating Kalshi's Motion to Dismiss, the Court should consider Exhibits #1-6 to the Ta Declaration as incorporated into the Complaint by reference. Because plaintiff's theory turns on how the RAF program referral process works, it plainly "forms the basis of the plaintiff's claim" and is therefore incorporated by reference. *Khoja*, 899 F.3d at 1002 ("[T]he plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (citation omitted); *see, e.g., Gray v. Twitter, Inc.*, 2021 WL 11086642, at *2 (W.D. Wash. Mar. 17, 2021) (incorporating the "user-facing systems" and account-management "screens" on which the claim relied); *Fife v. Sci. Games Corp.*, 2018 WL 6620485, at *2 (W.D. Wash. Dec. 18, 2018) (incorporating the entire app where the claim "turns on the overall functioning and design of the app").

Additionally, plaintiff's selective presentation of the referral flow is precisely what the incorporation-by-reference doctrine is intended to remedy, such that the Court is empowered to "take into account 'all parts of the communication that are ordinarily heard or read'" together. *Knievel*, 393 F.3d at 1076 ("[A] viewer accessing the . . . photograph must also access the surrounding pages."). Exhibits #1-6 supply that complete sequence and place the Complaint's allegations in their full context, just as the incorporation-by-reference doctrine requires. *See, e.g.*, Ta Decl., Exs. 1-6.

## II.    THE KELLER DECLARATION EXHIBITS ARE PROPERLY SUBJECT TO JUDICIAL NOTICE

The Court may take judicial notice of Exhibits #1-4 to the Keller Declaration because they are court filings that are matters of public record as well as of Exhibits #5-6 because they are publicly available materials whose accuracy is not reasonably subject to dispute. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

### A.    Records In Other Proceedings In This District (Keller Decl., Exs. 1-4)

Exhibits 1-4 to the Keller Declaration are complaints filed in other putative class actions in this District asserting Washington's Commercial Electronic Mail Act ("CEMA") "refer a friend" theories.  Kalshi's Motion to Dismiss compares what the plaintiffs in those other matters alleged with what the Complaint here alleges.  *See* Mot. Dismiss at pp. 16-18.  That comparison appropriately concerns the content of the pleadings, not the truth of any allegation.  *Lee*, 250 F.3d at 690 (court records judicially noticeable "not for the truth of the facts recited therein, but for the existence of the opinion").

### B.    Publicly Available Authoritative Resources (Keller Decl., Exs. 5-6)

The Motion to Dismiss cites two publicly available resources describing how the native "share" functionality of a mobile operating system determines the sharing options presented to a user who elects to share content.  *See* Mot. Dismiss at p. 5 & n.3.  Exhibit #5 to the Keller Declaration is Apple's official product documentation for the iPhone, from which the operation of the device's native "share" function can be accurately and readily determined; such operation is not subject to reasonable dispute and derives from a source whose accuracy cannot reasonably be questioned, and the Court may therefore take judicial notice of it.  *See* Fed. R. Evid. 201(b)(2).  Similarly, Exhibit #6, a publicly available technical article describing the same "share" functionality on iOS and Android, is offered as a further public description of that functionality, and is properly subject to judicial notice for the same reasons.

## **CONCLUSION**

For the foregoing reasons, and in connection with its Motion to Dismiss, Kalshi respectfully requests that the Court (i) consider Exhibits #1-6 to the Ta Declaration incorporated by reference into the Complaint and (ii) take judicial notice of Exhibits #1-6 to the Keller Declaration.

Dated:  July 17, 2026

By: */s/ Matthew Hosen*
Matthew Hosen
matthosen@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Tel: (206) 905-7000
Fax: (206) 905-7100

Avi Perry*
aviperry@quinnemanuel.com
Rachel Frank Quinton*
rachelquinton@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel: (202) 538-8000
Fax: (202) 538-8100
(*Admitted *Pro Hac Vice*)

John W. Baumann*
jackbaumann@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel: (213) 443-3000
Fax: (213) 443-3100
(*Admitted *Pro Hac Vice*)

Nicolas G. Keller*
nicolaskeller@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP

DEFENDANT'S REQ. FOR INCORPORATION BY
REFERENCE & JUDICIAL NOTICE
CASE NO. 2:26-CV-1426

8

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendant*

DEFENDANT'S REQ. FOR INCORPORATION BY
REFERENCE & JUDICIAL NOTICE
CASE NO. 2:26-CV-1426

9

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7(e)(3), I certify that this memorandum contains 2,341 words and therefore does not exceed 4,200 words.

Dated:  July 17, 2026                              By: */s/ Matthew Hosen*
                                                                Matthew Hosen

DEFENDANT'S REQ. FOR INCORPORATION BY
REFERENCE & JUDICIAL NOTICE
CASE NO. 2:26-CV-1426

10

QUINN EMANUEL URQUHART & SULLIVAN LLP
1109 FIRST AVENUE, SUITE 210
SEATTLE, WASHINGTON 98101
Tel: (206) 905-7000