# EXHIBIT 1

quinn emanuel trial lawyers | washington, dc
555 13th Street NW, Suite 600, Washington, District of Columbia 20004-1109 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8330**

WRITER'S EMAIL ADDRESS
**aviperry@quinnemanuel.com**

October 5, 2026

***VIA CERTIFIED MAIL***

The Honorable Nicholas W. Brown
Attorney General of the State of Washington
Office of the Attorney General
1125 Washington Street SE
P.O. Box 40100
Olympia, WA 98504-0100

**Re: Notice of Constitutional Challenge**
***Brown v. Kalshi Inc.*, No. 2:26-cv-1426-LK (W.D. Wash.)**

Dear Attorney General Brown:

I represent defendant Kalshi Inc. ("Kalshi") in the above-caption case, in which the plaintiff has brought claims under Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and Consumer Protection Act ("CPA"), RCW 19.86.

Pursuant to Federal Rule of Civil Procedure 5.1(a)(2) and 28 U.S.C. § 2403(b), please find enclosed Kalshi's Notice of Constitutional Challenge (the "Notice") and its Motion to Dismiss the First Amended Complaint and, in the Alternative, to Strike the Class Allegations (the "Motion to Dismiss"), which in relevant part challenges the constitutionality of CEMA under the First Amendment of the U.S. Constitution. As detailed in the Motion to Dismiss, Kalshi contends that CEMA imposes an impermissible restriction on non-misleading upstream expression—protected speech that, even if deemed commercial, cannot survive *Central Hudson* as applied.

Kalshi provides these materials so that the Attorney General may consider whether to intervene pursuant to Rule 5.1(c) and 28 U.S.C. § 2403(b). Kalshi filed the Notice on October 2, 2026. Under Rule 5.1(c), the Attorney General has 60 days from the filing of the attached Notice or the date that the District Court certifies this challenge to intervene in this matter, whichever is earlier.

Respectfully submitted,

____________________

Avi Perry

**Enclosures (2):**

1. Kalshi's Notice of Constitutional Challenge

2. Kalshi's Motion to Dismiss the First Amended Complaint and, in the Alternative, to Strike the Class Allegations